IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN D. FREITAS, #A0170871, ) | CIVIL NO. 08-00423 SOM/LEK |
| Petitioner,  ) vs.  ) | ORDER DISMISSING PETITION |
| STATE OF HAWAII,  ) Respondent.  ) | |

ORDER DISMISSING PETITION

  Petitioner Melvin D. Freitas ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the legality of his amended sentence, imposed on June 14, 2000. Although not explicit, Petitioner is apparently alleging that his extended term sentence violates the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny. Petitioner alleges that his extended term sentence violates the Hawaii Supreme Court's decision in *State v. Maugaotega*, 115 Haw. 432, 447, 168 P.3d 562, 577 (2007) (holding Hawaii's extended term statute, "unconstitutional on its face."). The court CONSTRUES the petition as brought under 28 U.S.C. § 2254 and DISMISSES it for lack of jurisdiction.

  First, because Petitioner is challenging the validity of his sentence, rather than the manner of its execution, he must bring his claims in a § 2254 petition, rather than in a § 2241 petition. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (concluding "that § 2254 is the exclusive avenue for a

state court prisoner to challenge the constitutionality of his detention[.]"). Moreover, if Petitioner were challenging the execution of his sentence, or perhaps a parole board decision, making § 2241 the proper vehicle, this court would lack jurisdiction to consider the petition, because Petitioner is incarcerated in Arizona, not Hawaii. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973) (holding that a § 2241 petition must be brought in the district that has jurisdiction over the petitioner's custodian).

Second, Petitioner has previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, that was dismissed with prejudice as time-barred. *See Freitas v. Hawaii*, Civ. No. 05-00302 SOM. The present petition is therefore second or successive, and this court lacks jurisdiction to consider it until the Ninth Circuit has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A).

Third, insofar as Petitioner challenges his extended sentence under *Maugaotega*, he must raise the claim first with the Hawaii courts, and it does not appear that he has done so. Further, this court has already explicitly determined that Petitioner's *Apprendi* claims are time-barred. (*See* Civ. No. 05-00302 SOM; Doc. No. 28, "Findings and Recommendation to Dismiss Amended Petition" at 9.) Insofar as Petitioner's claims rely on

*Apprendi* and its progeny, they are foreclosed in the federal court.

This action is **DISMISSED** for lack of jurisdiction.  If Petitioner desires to proceed, he is advised to file a motion for leave to proceed in the Court of Appeals for the Ninth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).  If the Ninth Circuit grants Petitioner leave to file a second or successive petition, his filing date for purposes of the one-year statute of limitation pursuant to § 2244(d) shall be the date of the initial filing in this action.  The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Freitas v. Hawaii*, Civ. No. 08-00423 SOM; Order Dismissing Petition; dmp/habeas 08/Freitas 08-423 (2d scsv)